UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BOBBY BERNARD, ET AL. | CIVIL ACTION NO. 21-4090 |
| VERSUS | JUDGE MICHAEL J. JUNEAU |
| MARTIN TRUJILLO, JR., ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING AND ORDER**

Pending before the undersigned is the Motion for *In Camera* Inspection and a Protective Order, filed by the Lafayette Police Department [Doc. 5], which is not a party to the instant case. The motion is opposed by the defendants in this matter, Martin Trujillo, Juan Macias, and GEICO County Mutual insurance Company ("collectively, "defendants") [Doc. 6], and the LPD filed a reply brief [Doc. 9]. For the following reasons, the Motion for *In Camera* Inspection and a Protective Order is GRANTED.

**Facts and Procedural History**

The instant lawsuit arises out of an automobile accident that took place on October 29, 2020. Plaintiff Thomas Bernard was a passenger in a vehicle operated by plaintiff Bobby Bernard when the vehicle was hit by a vehicle driven by Martin Trujillo and owned by Juan Macias. LPD officers responded to the crash, and a citation was issued to Martin Trujillo, who was charged with Failure to Secure a Driver's License and Careless Operation. The October 29, 2020 citation issued to

Martin Trujillo resulted in the criminal proceeding entitled *City of Lafayette v. Martin Trujillo, Jr.*, Docket No. CT202012023 and CT202012024, currently pending before Judge Vanessa Harris in Lafayette City Court, wherein Mr. Trujillo has been formally charged with Failure to Secure a Driver's License and Careless Operation.

On December 7, 2021, counsel for defendant GEICO issued a subpoena duces tecum to LPD requesting production of any and all dashcam/bodycam footage for LPD Officer Adam Hyatt in connection with the accident involving Bobby Bernard and Trujillo. The subpoena duces tecum indicated a return date of January 4, 2022.

On December 28, 2021, LPD filed the instant motion, seeking a protective order on grounds the information requested in the subpoena is related to the pending criminal prosecution of Trujillo in Lafayette City Court. LPD argues that the information is protected from disclosure, other than through formal discovery means within the criminal proceeding, in order to protect the integrity of the pending criminal litigation.

On December 29, 2021, this Court stayed the subpoena pending resolution of the instant motion. All briefing has been filed, and the matter is now ripe for review.

## Law and Discussion

LPD argues that La. Rev. Stat. 44:3 governs the issue of civil discovery of records pertaining to a criminal matter. The statute states in relevant part:

> A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, Council on Peace Officer Standards and Training, Louisiana Commission on Law Enforcement and Administration of Criminal Justice, or publicly owned water districts of the state, which records are:
>
> (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section . .

La. Stat. Ann. §44:3 (West 2021).

The guidance provided by the court in *Louisiana State Bd. of Nursing v. Gautreaux*, 39 So.3d 806 (La. App. 1st Cir. 6/11/10), *writ denied*, 50 So.3d 806 (La. 11/5/10), is particularly instructive. In *La. State Bd. of Nursing*, a nurse allegedly sexually assaulted a patient. Subsequently, the Sheriff and the D.A. began an investigation. The Nursing Board suspended the nurse's license on an emergency basis, and in preparation for a hearing on the matter, issued subpoenas to both the Sheriff and the D.A. for "the arrest report, along with any/all associated narrative reports, and the like" pertaining to the arrest of the nurse at issue. *La. State Bd. of Nursing*, 39 So.3d at 810. Although the Sheriff's initial arrest report was provided to the Nursing Board, the Sheriff and the D.A. declined to turn over any further records, contending such records pertained to a pending criminal proceeding and

were therefore not "public records" subject to disclosure under Louisiana's public records law. *Id.*

The Nursing Board filed suit against the Sheriff and the D.A., citing its subpoena power, and seeking a writ of attachment or injunctive relief compelling production of the records sought. *Id.* In response to the suit, both the Sheriff and the D.A. filed answers, denying the Nursing Board's entitlement to the relief sought, along with motions to quash the Nursing Board's subpoenas. The Sheriff further sought, in the alternative, a protective order precluding the production of the requested documents. *Id.*

In quashing the Nursing Board's subpoenas issued to the Sheriff and the D.A., the district court noted that while LSA–R.S. 44:3 does not create a privilege, it does "embod[y] an important public policy designed to preserve the integrity of an ongoing criminal investigation, and to prevent the disclosure of any criminal investigative files, including files sought by subpoena or through other court-sanctioned process."[1] *Id.* In so finding, the district court explicitly rejected the Nursing Board's contention that its statutory subpoena power extended to law enforcement investigatory files. *Id.*

---

[1] The district court ruled that such a privilege has been judicially created, citing *Conella v. Johnson,* 345 So.2d 498 (La.1977), and *Freeman v. Guaranty Broadcasting Corp.,* 498 So.2d 218 (La.App. 1 Cir.1986). 39 So. 3d at 810.

On appeal, the Louisiana First Circuit Court of Appeal affirmed the judgment of the district court, stating:

> It is apparent that the legislature recognized that the greater public interest protected by law enforcement in the investigation and prosecution of crimes should take precedence over the civil administrative interests served by the Nursing Board. Louisiana Revised Statute 37:926 essentially provides that actions under the nursing laws shall not interfere with criminal prosecutions by the attorney general or district attorney of any parish. *See also Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963) (stating that administrative policy gives priority to the public interest in law enforcement).
>
> After a thorough review of the issues presented in this case, we conclude that the Nursing Board's subpoenas were both unreasonable (in seeking to obtain law enforcement records prior to the filing of criminal charges) and represented interference with the prosecutorial responsibilities of the D.A. (by the Nursing Board's practice of providing all documents in its possession that it intended to use in a disciplinary hearing to the accused nurse, thereby disclosing the essentials of the D.A.'s criminal case) in violation of LSA–R.S. 37:926. Therefore, we conclude the district court did not err in denying injunctive and declaratory relief to the Nursing Board and in the granting the motions to quash the subpoenas.

*Id.* at 816-17 (footnotes omitted).

In the instant case, defendants argue that, because Trujillo would be entitled to the dashcam video as part of the discovery in his criminal matter, the same materials should be discoverable in this matter. However, as LPD points out in its briefing, the prosecution in the criminal matter is not a party to this civil lawsuit and allowing the production of discovery related to a pending criminal matter in this civil lawsuit would allow parties the ability to circumvent the criminal discovery process.

After consideration of the arguments of the parties, this Court agrees with the rationale set forth in *La. State Bd. of Nursing*, that the greater public interest protected by law enforcement in the investigation and prosecution of crimes should take precedence over GEICO's interest in obtaining the dashcam video at this juncture. Under the explicit language of La. Rev. Stat. 44:3, disclosure of records and information held by the offices of the LPD pertaining to pending criminal litigation or any criminal litigation is not required at this time.

For the foregoing reasons, IT IS ORDERED that the Motion for Protective Order is GRANTED. LPD is not required to produce or disclose the materials requested in the subpoena propounded by GEICO, and that subpoena is hereby QUASHED.

THUS DONE AND SIGNED at Lafayette, Louisiana, this the 27th day of January, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE